UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| PARDEEP SINGH SAINI, | ) | CASE NO. 1:15 CV 320 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| STEVEN WOLAVER, Judge, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

On February 18, 2015, plaintiff *pro se* Pardeep Singh Saini filed this action under 42 U.S.C. § 1983 against Greene County Court of Common Pleas Judge Steven Wolaver. Plaintiff alleges he was convicted in Judge Wolaver's court of murder. Plaintiff believes he should have instead been found not guilty by reason of insanity.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000).

Review of the complaint indicates the specific events and omissions of which plaintiff complains occurred in Xenia, Ohio, where Judge Wolaver is located. Xenia is in the Southern District of Ohio. Therefore, the Southern District of Ohio is the only proper venue for this matter. 28 U.S.C. § 1391(b).[1] An improperly venued action shall be dismissed unless it is "in

---

[1] Title 28 U.S.C. § 1391(b) provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or
> (continued...)

the interest of justice" that it be transferred to a district or division in which it could have been brought. 28 U.S.C. § 1406(a). For the reasons stated below, the court finds that it would not be in the interest of justice to transfer this matter, and this action is therefore dismissed pursuant to 28 U.S.C. § 1915A.

Judicial officers are generally absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). This far-reaching protection is needed to ensure that the independent and impartial exercise of judgment is not impaired by the exposure of potential damages. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is not performed in the judge's judicial capacity, or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. Plaintiff alleges no facts suggesting either of these criteria has been met in this case. Thus, to extent he seeks damages, his claim must fail.

Further, plaintiff may not collaterally attack his conviction by a filing a claim under 42 U.S.C § 1983. The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 501 (1973).

Accordingly, this action is dismissed under section 1915A. The court certifies, pursuant 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                               */s/Dan Aaron Polster 2/25/15*
                                               DAN AARON POLSTER
                                               UNITED STATES DISTRICT JUDGE

---

[1](...continued)
omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.